MARY BIGGERS *et al.*, plaintiffs in error, *vs.* F. E. G. KING, administratrix, defendant in error.

A bought land of B, giving note for the purchase money; possession of the land was to be given immediately. The tenant in possession refused to go out, and A only got possession of part of the land until the year thereafter. In a suit on the notes by B, A sought to recover the damages for the non-delivery of possession. B put up the tenant to show that he had retained possession under an agreement with A's agent. On cross-examination, A's counsel asked the witness if he had set this up in the proceedings taken against him by B to turn him out, and the court ruled that the "proceedings" must be produced and refused to permit the question to be asked:

*Held*, that this was error. The question and answer were necessary as a foundation to introduce the "proceedings." They were inadmissible until the witness had an opportunity to explain.

Evidence. Witness. Before Judge RICE. Clarke Superior Court. August Term, 1874.

This case is sufficiently reported in the above head-note.

S. P. THURMOND; J. C. REED, for plaintiffs in error.

No appearance for defendant.

McCAY, Judge.

We are not prepared to say that the court should have excluded the statement of Bone as to what Henry Biggers told

him in relation to the effect of his staying, or his mother's right to recoup. If it was said as part of an arrangement between them that he should remain there as her tenant, there was enough evidence of his agency to justify the admission of it. If it was said to encourage Bone to hold over, then, as it does not appear he was a general agent, it would be inadmissible, since a mere authority from Mrs. Biggers to the effect that she would abide what her son did in the premises, would not charge her with words of his not in the scope of a renting to Bone only. But we think, under the facts of the case, it was error in the court to refuse to permit the defendant's counsel to ask Bone if he had set up the consent of Mrs. Biggers as a defense to Mrs. King's "proceedings" against him. The drift of his evidence was that he had stayed on the land by the consent of Mrs. Biggers' agent. The object of the question was to show the jury that, whatever he said now, this was not the reason he gave, and perhaps swore to, in the proceedings Mrs. King had taken against him. It was to show that he had made, and perhaps sworn to, a different state of things. These proceedings were between Mrs. King and the witness. They were inadmissible on this trial as original evidence, and were only admissible to contradict the witness, to attack his credit; and, under the rule, it was not only the right of the defendant, but it was his duty, before he could contradict him, to ask the witness whether or not he had set up this defense. Had the papers been in court, they were inadmissible until this question had been asked and answered. It was very material to the defendant's case that this question should be put. The witness was the main one against her, and she had a right to let the jury know that, notwithstanding his present story, he had, in the contest with Mrs. King, set up that he was her tenant. This the defendant could not do until she had given the witness the right to explain by calling his attention to the fact. Perhaps, also, he might have made an answer that the "papers" would contradict. We reverse the judgment refusing a new trial the more readily as the judge seems, himself, to have thought the fault of

defendant's not getting possession was not hers, since he required the plaintiff to write off the $35 00 she was compelled to expend for house rent.

Judgment reversed.